UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**STATE FARM FIRE & CASUALTY COMPANY**                                                **PLAINTIFF**

**V.**                                                                               **CASE NO. 3:04CV171**

**TPI CORPORATION**                                                                  **DEFENDANT**
_____

# ORDER

The court has before it defendant's Rule 72.1 objection to Magistrate Judge Alexander's ruling refusing to amend her order striking its expert witnesses Hubert Green, Jr. and Thomas Bajzek, as well as their supplemental reports. Judge Alexander struck these witnesses based upon the fact that even though TPI timely submitted a rather sparse recitation of its experts' views, it improperly sought to "supplement" these views well past the deadline provided for doing so in the pre-trial order.

TPI previously appealed Judge Alexander's ruling on this issue, and this court declined to overrule this ruling, although the court gave Judge Alexander an opportunity to consider whether the court's grant of a continuance might alter her reasoning on this issue. Specifically, in its prior order dealing with this matter, this court noted as follows:

> Judge Alexander set forth her reasons for striking the experts and their
> supplemental reports in thorough and well-reasoned written rulings, and the court
> can find no error in these rulings. TPI's appeal will therefore be denied.
> However, the court would note that, subsequent to the Magistrate's ruling, this
> court was forced to continue the trial in this action based upon another trial being
> scheduled for the same date. TPI may wish to determine whether this continuance
> might cause Judge Alexander to amend her rulings. In situations such as the
> present one, this court attempts to strike a fair balance between avoiding "trial by

1

> ambush" and giving each party a fair opportunity to make out their case and present their evidence before the jury. It is unclear to this court whether the continuance granted by this court might alter the balance of equities on this issue. At any rate, Judge Alexander has greater familiarity with the discovery issues in this case than this court, and this court will very likely defer to her judgment in this regard.

Following this order, Judge Alexander elected to stand by her initial ruling striking defendant's experts, on the basis of the factors set forth in *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998). The court has reviewed this order and can find no error in Judge Alexander's reasoning, and defendant's Rule 72.1 objection to her ruling will therefore be denied.

It is therefore ordered that defendant's Rule 72.1 objection to the Magistrate Judge's ruling is denied.

SO ORDERED, this the 7th day of April, 2006.

                                               /s/ Michael P. Mills
                                           **UNITED STATES DISTRICT JUDGE**